IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 00-20279
Summary Calendar
_____

DANIEL COSTANCIO,

Plaintiff-Appellant,

versus

KENNETH S. APFEL, COMMISSIONER OF SOCIAL SECURITY,

Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-99-CV-1025
--------------------
December 1, 2000

Before DAVIS, JONES and DEMOSS, Circuit Judges.

PER CURIAM:[*]

Daniel Costancio appeals the district court's decision affirming the determination by the Commissioner of Social Security that Costancio is not disabled within the meaning of the Social Security Act. Costancio argues that the administrative law judge (ALJ) erred in relying solely on the opinion of Dr. Steven Goldstein who is not a psychiatrist and who did not examine Costancio. Costancio's argument lacks merit as the ALJ determined that Costancio was not disabled after considering all

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

of Costancio's medical records, as well as the testimony of Costancio, Dr. Goldstein, and Pamela Lewis, a vocational expert.

Costancio argues that the ALJ erred in rejecting his subjective complaints. The ALJ's determination that Costancio's subjective complaints were not credible is supported by the medical evidence, which indicated normal neurological findings, no clinical diagnosis of blackouts, the lack of medication for muscle spasms, and Costancio's own testimony concerning his daily activities. It is within the province of the ALJ to make credibility determinations concerning testimony at administrative hearings. See Newton v. Apfel, 209 F.3d 448, 458 (5th Cir. 2000); Greenspan v. Shalala, 38 F.3d 232, 237 (5th Cir. 1994).

Costancio argues that the ALJ erred in determining that he could perform certain light, unskilled jobs that exist in the national economy. In view of the ALJ's determination that Costancio's complaints of blackouts were not supported by the medical evidence and the ALJ's determination that Dr. Barry F. Gritz's global assessment of functioning (GAF) score of 39 was inconsistent with Costancio's daily activities, the ALJ did not err in disregarding the vocational expert's answer to the hypothetical question concerning whether an individual with a history of blackouts and a GAF score of 39 would be able to perform any jobs in the national economy. The ALJ did not err in determining that based on Costancio's residual functional capacity, he could perform certain light, unskilled jobs that exist in the national economy. See Muse v. Sullivan, 925 F.2d 785, 789 (5th Cir. 1991).

AFFIRMED.